UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BAILEY,

    Plaintiff,

                                    Civil No. 09-13848
                                    Hon. John Feikens

    v.

MANOR OF WAYNE,

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING CLAIMS PURSUANT TO 28 U.S.C. §1915(e)(2)(B)(ii)

Plaintiff, who does not have counsel, filed a complaint and application to proceed without prepayment of fees on September 29, 2009. On the basis of those filings, I GRANT Plaintiff's application to proceed *in forma pauperis*. See 28 U.S.C. §1915(a)(1).

Pursuant to 28 U.S.C. §1915(e)(2)(B), this court is authorized to dismiss Plaintiff's claims upon determining that the claimant fails to state a claim on which relief may be granted. Plaintiff claims that his mother was a patient/resident at the Defendant's continuing care facility. On September 28, 2009, when Plaintiff went to visit his mother, he took with him white castle hamburgers and a frosty. He alleges that someone from the facility called his sister and told her that he was giving a hamburger to his mother, an allegation he denies. Instead, he says he had given the frosty to his mother, with permission from a nurse. He apparently got angry about the false allegation, and told someone at the facility "in a loud tone of voice" that they were wrong. The police were called (it is unclear by whom), and the arriving officers cited and/or removed

the Plaintiff for trespassing.

Plaintiff's Complaint originally appeared to seek the remedy of "get[ting] it okayed to continue to visit [his] beloved mother." But on October 6, 2009, his mother passed away. He has since filed additional papers alleging that some aspect of the September 29, 2009, incident violated his "human rights" and he would still like to proceed with his action.

Reading the Complaint in light most favorable to Plaintiff, he may be alleging a violation of his civil rights under 42 U.S.C. § 1983. Haines v. Kerner, 404 U.S. 519, 520 (1972) (claimants proceeding without counsel are held to a lesser standard than those drafted by attorneys). A claim under § 1983 must allege: 1) a deprivation of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Even taking all the allegations in the Complaint as true, Plaintiff has done neither. He has not alleged a deprivation of any right secured by the Constitution or other federal statute. Nor has he named any State actor as a defendant, or explained how the actions of the Manor House can be attributed to the State of Michigan. Id.

Because the action fails to state a claim on which relief can be granted, I DISMISS this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

Date: October 20, 2009                               s/ John Feikens
                                                     United States District Judge

|  |
|---|
| Proof of Service<br><br>I hereby certify that the foregoing order was served on the attorneys/parties of record on October 20, 2009, by U.S. first class mail or electronic means.<br><br>                              s/Carol Cohron<br>                              Case Manager |